1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN MICHAEL KRYSTAL,<br><br>                                   Plaintiff,<br><br>   v.<br><br>CITY OF CARLSBAD, et al.,<br><br>                               Defendants. | Case No. 22-cv-1329-BAS-JLB<br><br>**ORDER:**<br><br>1. **GRANTING DEFENDANTS' MOTIONS TO DISMISS (ECF Nos. 13, 14); AND**<br><br>2. **GRANTING PLAINTIFF'S MOTION TO AMEND (ECF No. 19)** |

Before the Court are Defendants' two Motions to Dismiss brought pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).[1] (Mot., ECF No. 13; ECF No. 14.) Plaintiff opposes (Opp., ECF No. 16), and Defendants reply (Reply, ECF No. 18). The Court finds Defendants' Motions suitable for determination on the papers submitted without oral argument. CivLR 7.1(d)(i). Having considered the parties' filings, the Court **GRANTS** Defendants' Motions.

---

[1] The Motions differ only with respect to the moving Defendant but are otherwise identical.

Also before the Court is Plaintiff's Motion for Leave to Amend. (ECF No. 19.) Defendants do not file opposition briefing. Having considered Plaintiff's filing, the Court **GRANTS** Plaintiff's Motion for Leave to Amend.

## I.   BACKGROUND[2]

On September 14, 2017, Plaintiff was driving in Carlsbad, California. (Compl. ¶¶ 33–34.) Due to a momentary distraction, Plaintiff drifted into the bicycle lane and collided with a hand propelled tricycle. Plaintiff, unaware that he made contact with the tricycle, swerved back into his lane as his tires screeched. The abrupt maneuver caused Plaintiff's car to travel from the far-right lane to the far-left lane. (*Id.* ¶ 35.) He activated his hazard lights and continued driving. (*Id.* ¶¶ 34–35.) Plaintiff has a documented history of Post-Traumatic Stress Disorder, causing him to experience "immediate and overwhelming stress" after his perceived near miss with the tricycle. (*Id.* ¶¶ 35–36.) As a result, he was "frozen behind the wheel" due to the stress and "could not safely change lanes" due to his hazard lights.

Defendant Bowen, a police officer, pulled Plaintiff over. (*Id.* ¶ 38.) The Complaint does not make clear which other Defendants assisted in the traffic stop, but it seems that Defendant Bentley and Defendant DeLuca were also present. Defendant Bentley requested to see Plaintiff's cell phone and read aloud Plaintiff's last text, revealing Plaintiff was "very sick" earlier that morning. (*Id.* ¶ 45.) Plaintiff was arrested, and Defendant Deluca then authored a "false and misleading" police report. (*Id.* ¶ 48.)

Plaintiff was charged with felony hit and run. Defendant Deluca was called to the stand and gave "false testimony" regarding the accident at the preliminary hearing. (*Id.* ¶ 60.) The presiding judge found there was probable cause to arrest Plaintiff. (*Id.* ¶ 77.) The case was proceeding to trial in April 2019, until Plaintiff's motion for military

---

[2] The facts are all taken from the Complaint. For the pending Motions to Dismiss, the Court accepts all of Plaintiff's factual allegations as true. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

1  diversion was granted. (*Id.* ¶ 57.) After Plaintiff completed his diversion program in
2  September 2020, the criminal case was dismissed. (*Id.* ¶¶ 57, 61.)

3      In February 2022, Plaintiff received access to Defendant DeLuca's body camera
4  footage of the incident. (*Id.* ¶ 88.) After viewing the footage, Plaintiff petitioned the
5  Carlsbad Police Department to have his arrest records sealed and destroyed. (*Id.*)

6      On September 6, 2022, Plaintiff filed his Complaint for damages under 42 U.S.C. §
7  1983 ("Section 1983"). Defendants responded with the present Motions to Dismiss.

8  **II.    MOTIONS TO DISMISS**

9      **A.    LEGAL STANDARD**

10      A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the
11  claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). "A
12  Rule 12(b)(6) dismissal may be based on either a 'lack of cognizable legal theory' or 'the
13  absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside
14  Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica
15  Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

16      A complaint must plead sufficient factual allegations to "state a claim for relief that
17  is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). The court
18  must accept all factual allegations pleaded in the complaint as true and must construe them
19  and draw all reasonable inferences in favor of the nonmoving party. *Cahill v. Liberty Mut.
20  Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court, however, need not accept
21  conclusory allegations as true. Rather, it must "examine whether conclusory allegations
22  follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978
23  F.2d 1115, 1121 (9th Cir. 1992) (citations omitted). "A claim has facial plausibility when
24  the plaintiff pleads factual content that allows the court to draw the reasonable inference
25  that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

26      **B.    ANALYSIS**

27      Defendants levy three arguments in their Motions. First, they argue Plaintiff's claims
28  are time barred. Second, they argue Plaintiff fails to plausibly allege the substantive

22cv1329

elements of the causes of action. Third, they argue Defendants are entitled to qualified immunity. The Court first addresses timeliness, then the elemental arguments. The Court determines that dismissal is proper on those grounds and, therefore, does not reach the qualified immunity issue.[3]

As a threshold matter, the Court distinguishes Plaintiff's sixth cause of action from his other causes of action. The Complaint alleges "Monell" as its sixth cause of action and asserts liability on the municipal Defendant City of Carlsbad. *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), allows plaintiffs to sue local municipalities for damages under Section 1983. It does not, however, stand alone as a cause of action. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it *extends* liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation."). If the Court dismisses all other causes of action, then it must also dismiss Plaintiff's "Monell" claim. As a result, the Court considers the substance of the allegations but does not analyze them as a separate cause of action.

### 1.   Timeliness of Claims

Defendants aver all causes of action are time barred. A claim may be dismissed on the ground that it is barred by the statute of limitations only when "the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (citation omitted). Whether Plaintiff's claims are time barred hinges on three issues: the relevant statute of limitations, the date of accrual, and tolling. The Court analyzes each in turn.

---

[3] In his Opposition, Plaintiff makes several Requests for Judicial Notice. The requests provide documentation to support several factual allegations in the Complaint. (ECF No. 16.) For the purposes of the Motions to Dismiss, the Court takes all factual allegations in the Complaint as true. As a result, the Court need not consider evidence to support those factual allegations. Accordingly, Plaintiff's Requests for Judicial Notice are **DENIED AS MOOT**.

22cv1329

###### a)    Statute of Limitations

The parties agree on the relevant statute of limitations. "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions . . . except to the extent any of these laws is inconsistent with federal law." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). California's statute of limitations for personal injury claims is two years. Cal. Civ. Proc. Code § 335.1. Thus, Plaintiff's claims are subject to a two-year statute of limitations.

###### b)    Accrual

Although state law determines the length of the statute of limitations, federal law determines when the cause of action accrues—thereby starting the clock. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal common law, accrual occurs when the plaintiff has a "complete and present cause of action." *Id.* (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). In other words, the statute of limitations starts to run when "the plaintiff can file suit and obtain relief." *Id.* (quoting *Bay Area Laundry*, 522 U.S. at 201). Thus, the question is when Plaintiff could have filed suit and obtained relief for each of his five causes of action.

Plaintiff first alleges unreasonable arrest and warrantless seizure of exculpatory evidence in violation of the Fourth Amendment. (Compl. ¶¶ 97–112.) The accrual of a false arrest or unreasonable seizure occurs at the time of the arrest or seizure. *See Wallace*, 549 U.S. at 388 (false arrest); *Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 952 (9th Cir. 2022) (seizure). Here, Plaintiff alleges Defendants seized his cell phone and arrested him on September 14, 2017. (Compl. ¶¶ 33, 45, 47.) Thus, the date of accrual for Plaintiff's first cause of action was September 14, 2017.

Plaintiff's second cause of action alleges due process violations from Plaintiff's arrest, Defendant DeLuca's police report, and the preliminary hearing. Unpacking these allegations is unnecessary for the purposes of this accrual analysis. All the allegations relate to alleged due process violations occurring before April 8, 2019, when Plaintiff's criminal

1   case was referred to a military diversion program.[4] As a result of tolling, discussed *infra*,

2   it is not legally significant when specifically Plaintiff's cause of action accrued. Therefore,

3   it is sufficient to determine that Plaintiff's second cause of action accrued before April 8,

4   2019.

5       Plaintiff's third and fourth causes of action both relate to malicious prosecution.[5]

6   (Compl. ¶¶ 113–168.) "One element that must be alleged and proved in a malicious

7   prosecution action is termination of the prior criminal proceeding in favor of the accused."

8   *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). In other words, a malicious prosecution

9   claim does not accrue until the criminal proceedings have terminated in a plaintiff's favor.

10  Plaintiff's criminal proceedings were not dismissed until mid-September 2020. (Compl.

11  ¶ 31.) Therefore, Plaintiff's malicious prosecution claims accrued in mid-September 2020.

12  Because Plaintiff filed less than two years after September 2020, no tolling analysis is

13  required; these claims are not time barred.

14      Plaintiff's fifth cause of action alleges harassment from the distribution of arrest

15  records to the California Medical Board. This appears to have occurred at least five years

16  prior to the filing of the Complaint. (Compl. ¶ 62 ("As a result of DeLuca's reports, the

17  Medical Board has had Krystal under investigation for close to five years (beginning with

18  the arrest during September 2017) . . . .").) The Court assumes the arrest records were

19  remitted in 2017, but will allow Plaintiff an opportunity to amend and clarify.

20      The Court also addresses Plaintiff's suggestion that the statute of limitations did not

21  accrue until he could access "[p]ertinent evidence supporting this Section 1983 lawsuit."

22  (Compl. ¶ 32.) Plaintiff alleges that "body cam footage" was shielded from him "due to a

---

23

24      [4] To the extent that Plaintiff's second cause of action alleges due process violations related to his
        prosecution as a whole, the analysis folds into that of his third and fourth causes of action for malicious

25      prosecution and abuse of process.

26      [5] Plaintiff's third cause of action is "Abuse of process in violation of the Fourteenth Amendment"
        for the "wrongful prosecution in the face of exculpatory evidence." (*Id.* ¶¶ 139, 141.) Plaintiff's fourth

27      cause of action is "malicious prosecution." (*Id.* ¶ 151.) "An abuse of process claim is essentially a
        malicious prosecution claim." *Char v. Simeona*, No. 18-00303 DKW-KJM, 2018 WL 5815519, at *4 (D.

28      Hawaii 2018). Therefore, the Court analyzes these claims together.

court-ordered protective order." (*Id.*) This body camera footage "demonstrated that there was no evidence of apparent injury that Krystal could have known about due to the perceived close call." (*Id.* ¶ 46.) But the Complaint does not allege any new information that the body camera footage revealed. Plaintiff was already aware that he perceived the collision as a "close call" and that the contact with the tricycle was minimal. (*Id.* ¶ 37.) Thus, the receipt of the body camera footage does not impact when Plaintiff had a "complete and present cause of action." *See Wallace*, 549 U.S. at 388.

Further, Plaintiff notes that his injury is ongoing due to the pendency of his California medical license. But an ongoing injury does not affect a timeliness analysis. *See Wallace*, 549 U.S. at 391 ("The cause of action accrues even though the full extent of the injury is not then known or predictable."). As a result, his ongoing injury does not affect the dates of accrual for his causes of action.

The Court next analyzes tolling with respect to Plaintiff's first, second, and fifth causes of action.

### c) Tolling

Like the length of the statute of limitations, tolling is a question of state law. *See Wallace*, 549 U.S. at 394. Two provisions of California law are relevant.

First, the California Code prevents persons charged with an "accusatory pleading" in a criminal case from bringing a "civil action for money or damages against a peace officer . . . based upon conduct of the peace officer relating to the offense for which the accused is charged . . . while the charges against the accused are pending before a superior court." Cal. Gov't Code § 945.3. It further states, "Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a superior court." *Id.* In other words, Plaintiff could not bring this civil action while his criminal charges were "pending," and as a result, the statute of limitations for his civil claims was tolled during that time. The key issue, over which the parties disagree, is how long Plaintiff's criminal charges were "pending." The same section of the California Code provides an answer. It clarifies that "charges pending before a superior

court do not include appeals or criminal proceedings diverted pursuant to . . . Chapter 2.9 (commencing with Section 1001.50) of Title 6 of Part 2 of the Penal Code." *Id.* In this case, Plaintiff's criminal charge was diverted pursuant to "Penal Code Section 1001.80." (RJN, ECF No. 13-2 at 4.) As a result, this section of the California Code tolled the statute of limitations from the date of accrual until April 8, 2019, when Plaintiff was referred to a military diversion program.

Second, during the COVID-19 pandemic, the California legislature tolled the statute of limitations for civil cases from April 6, 2020, until October 1, 2020.[6] In effect, this Emergency Rule tolls the statute of limitations for approximately sixth additional months.

Applying these principles to Plaintiff's first cause of action, the Court finds it to be time barred. Plaintiff's first cause of action accrued on September 14, 2017. The statute of limitations was tolled during the pendency of Plaintiff's criminal proceedings, which concluded when he was referred to military diversion on April 8, 2019. Then the statute of limitations ran for approximately one year until April 6, 2020, when Emergency Rule 9 further tolled them. The Emergency Rule tolling lasted until October 1, 2020. The statute of limitations then continued to run and expired approximately one year later in October 2021. Plaintiff filed his Complaint on September 6, 2022. Thus, his first cause of action is time barred. The Court finds amendments would be futile and accordingly does not grant Plaintiff leave to amend his first cause of action. *See Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988) (holding dismissal without leave to amend proper when amendments would be "futile").

Plaintiff also fails to plead the timeliness of his second cause of action. As noted, Plaintiff's second cause of action contains a plethora of allegations related to his criminal prosecution. As far as the Court can discern, it accrued before Plaintiff was referred to military diversion. As a result, the same analysis applies, and the claim is time barred. The

---

[6] *See* Judicial Council of Cal., Emergency Rules Related to COVID-19, available at https://www.courts.ca.gov/documents/appendix-i.pdf.

Court will allow Plaintiff leave to amend to clarify the claim with respect to accrual and timeliness.

Finally, Plaintiff fails to plead the timeliness of his fifth cause of action. The Complaint appears to allege that Defendants remitted Plaintiff's arrest records to the California Medical Board five years before filing, but the allegations are ambiguous. (Compl. ¶ 62.) If the claim accrued five years before filing, then tolling could not salvage it. The court will grant Plaintiff leave to amend his fifth cause of action to clarify the date of the remittance of his arrest records.

### 2.    Failure to State a Claim

The Court now turns to Defendants other plausibility arguments and finds that Plaintiff fails to state a claim.

### a)    Second Cause of Action: Violations of Due Process

Plaintiff's second cause of action alleges violations of due process under the Fifth and Sixth Amendments. The Complaint alleges Defendants violated due process by "subjecting Plaintiff to an unnecessary and wrongful prosecution in the face of exculpatory evidence known to these Defendants before the arrest and subjecting him to a Felony charge, then a Misdemeanor prosecution before, and then without, a credible traffic collision investigation." (Compl. ¶ 115.) The Complaint does not make clear whether Plaintiff alleges substantive or procedural due process violations. Some allegations seem to indicate a procedural issue, while others seem to gesture toward a substantive due process right. The Court addresses both.

Plaintiff's procedural due process claim is deficient. Many of Plaintiff's allegations are conclusory, and those that are factual fail to identify a deprivation of procedural due process. The Complaint outlines the procedural guarantees of the Fifth and Sixth Amendments and then avers Defendant Deluca's false police report, the lack of investigation, and the failure of the Carlsbad Police Department to supervise and train its officers deprived Plaintiff of those guarantees. (Compl. ¶ 123.) It further baldly asserts Plaintiff's counsel were ineffective because they were "influenced by Officer DeLuca's

police reports" and failed to adequately conduct discovery or cross examine witnesses. (*Id.* ¶ 128.) Such allegations are conclusory, and the Court does not accept them as true. *See Holden*, 978 F.2d at 1121.

The Complaint does include some factual allegations, but these do not allow the Court to infer that Defendants violated Plaintiff's procedural due process rights. The Complaint avers Plaintiff's right to confronting his accuser was violated because Defendant DeLuca testified as a "layman" and stated Plaintiff "fled" the scene without providing facts to support that conclusion. (*Id.* ¶¶ 125, 126.) It is not clear how Defendant DeLuca's testimony violated Plaintiff's right under the Confrontation Clause, nor is it clear how Defendants would be liable for such a deprivation. Moreover, in the Ninth Circuit, police officers are allowed to provide lay opinion testimony under Federal Rule of Evidence 701. *See United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007). Additionally, the Complaint alleges Defendant DeLuca's testimony contradicted his police report. But this allegation speaks to the reliability of Defendant DeLuca's testimony, not the procedural due process of the preliminary hearing. Moreover, witnesses, including police officers, are not liable under Section 1983 for testimony in a judicial proceeding. *See Briscoe v. LaHue*, 460 U.S. 325, 326, 329 (1983). Thus, Plaintiff fails to plausibly state a procedural due process claim.[7]

To the extent that Plaintiff asserts a substantive due process right, the Supreme Court has foreclosed such a claim. There is no substantive due process right "to be free from criminal prosecution except upon probable cause." *Albright v. Oliver*, 510 U.S. 266, 268 (1994). Rather, such claims are judged under the Fourth Amendment as malicious prosecution. *See id.* at 271; *Thompson v. Clark*, 142 S. Ct. 1332, 1337 (2022). As such,

---

[7] The Complaint alleges the presiding judge at Plaintiff's preliminary hearing "deviated from hearing norms and customs." (*Id.* ¶ 124.) It further alleges a violation of due process because the presiding judge did not require a video be introduced into evidence. (*Id.* ¶ 127.) The judge presiding over Plaintiff's preliminary hearing is not a named defendant, and if the judge were, he or she would be entitled to absolute immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Thus, the Court cannot infer Defendants' liability based on these allegations.

1 Plaintiff's second cause of action—to the extent that it alleges a substantive due process
2 claim—reiterates his third and fourth causes of action for malicious prosecution and abuse
3 of process. The Court turns to those next.

4         **b)**     **Third and Fourth Causes of Action: Malicious Prosecution**
5                   **and Abuse of Process**

6       Courts in the Ninth Circuit have equated the elements of malicious prosecution and
7 abuse of process under Section 1983. *See Char v. Simeona*, No. CV 18-00303 DKW-KJM,
8 2018 WL 5815519, at *4 (D. Haw. Nov. 6, 2018) ("An abuse of process claim is essentially
9 a malicious prosecution [claim]."). Therefore, the Court analyzes them together.

10       The Ninth Circuit has defined malicious prosecution in violation of the Fourth
11 Amendment by looking to state tort law. *See Thompson*, 142 S. Ct. at 1337. Under
12 California state law, malicious prosecution requires pleading "that the prior proceeding,
13 commenced by or at the direction of the malicious prosecution defendant, was: (1) pursued
14 to a legal termination favorable to the plaintiff; (2) brought without probable cause; and (3)
15 initiated with malice." *Villa v. Cole*, 4 Cal. App. 4th 1327, 1334 (1992). In addition to these
16 elements, a malicious prosecution claim under Section 1983 requires the intent to either
17 "deprive a person of equal protection of the laws" or "subject a person to a denial of
18 constitutional rights." *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985). Put simply,
19 malicious prosecution under Section 1983 requires a constitutional hook.

20       Defendants argue Plaintiff's claim fails on the first element—favorable termination.
21 The Court disagrees. Plaintiff's criminal case was dismissed after he completed a military
22 diversion program (Compl. ¶ 61; Ex. A to RJN), which Defendants argue does not qualify
23 as a favorable termination for the purposes of malicious prosecution. (Mot. 7–8.) This may
24 be true for malicious prosecution under California law today. *See Fetters v. County of Los
25 Angeles*, 243 Cal. App. 4th 825, 847 (2016) ("[I]nformal resolution/pretrial diversion
26 programs should not be considered a favorable termination of a criminal proceeding."ance).
27 But the Supreme Court looks to state tort law at the passage of the Civil Rights Act of 1871
28 to inform malicious prosecution in violation of the Fourth Amendment under Section 1983.

*Thompson*, 142 S. Ct. at 1337. The Court recently concluded, "To demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction." *Id.* at 1335. Thus, a military diversion qualifies as a favorable termination, and Plaintiff has carried his pleading burden with respect to the first element of malicious prosecution under Section 1983.

Plaintiff, however, fails to plausibly plead a lack of probable cause. To begin, a finding in a preliminary hearing that probable cause existed "constitutes prima facie" evidence of probable cause. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004). Here, the presiding judge at Plaintiff's preliminary hearing determined that probable cause existed. (Compl. ¶ 77.) Thus, the issue is whether Plaintiff's allegations sufficiently rebut the finding of probable cause at his preliminary hearing. *See Awabdy*, 368 F.3d at 1067. They do not.

The California Vehicle Code provides, "The driver of a vehicle involved in an accident resulting in injury to a person, other than himself or herself, or in the death of a person shall immediately stop the vehicle at the scene of the accident." Cal. Veh. Code § 20001(a). The next section further provides, "The driver of any vehicle involved in an accident resulting only in damage to any property, including vehicles, shall immediately stop the vehicle at the nearest location that will not impede traffic or otherwise jeopardize the safety of other motorists." Cal. Veh. Code § 20002(a).

In this case, the Complaint itself alleged Plaintiff collided with a tricycle in the bicycle lane, the cyclist suffered an injury, and Plaintiff failed to stop at the scene of the accident. (Compl. ¶¶ 34, 37, 46.) Plaintiff alleges he did not know that he collided with the tricycle and injured the cyclist. (*Id.* ¶ 68.) But probable cause is weighed based on the knowledge and observations of the arresting officers, not the unobservable mental state of the arrestee. *See United States v. Lopez,* 482 F.3d 1067, 1072 (9th Cir. 2007) ("Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is

being committed by the person being arrested."). Based on the facts conceded in the Complaint, a reasonable police officer would have probable cause to believe that Plaintiff violated Sections 20001 and 20002 of the California Vehicle Code.

Plaintiff counters that turning on his hazard lights indicated that he had no knowledge of the collision, eliminating probable cause. (Opp. 5.) The Court disagrees. Hazard lights signal caution to other motorists. Signaling caution is not inconsistent with knowledge of a collision. Indeed, a driver might be concerned about vehicle damage from the collision, and, therefore, hazard lights might be further proof of such knowledge. Thus, Plaintiff's hazard lights do not render unreasonable Defendants' assessment that an offense was being committed.

In sum, Plaintiff fails to plausibly allege a lack of probable cause, and this failure sinks Plaintiff's malicious prosecution claims. Accordingly, the Court grants Defendants' Motions to Dismiss with respect to Plaintiff's third and fourth causes of action.

### c)   Fifth Cause of Action: Harassment

Plaintiff also alleges Defendants violated Plaintiff's Fourteenth Amendment rights by "subjecting Plaintiff to harassment via the distribution of the arrest reports to the California Medical Board for a non-reportable event." (Compl. ¶ 171.) As discussed above, Plaintiff fails to plausibly allege the timeliness of this claim. In addition, the Court notes another plausibility deficiency: Plaintiff fails to identify the Fourteenth Amendment right of which he has been deprived.

The Complaint alleges, "Harassment refers to words or behaviors that threatens, intimidates, or demeans a person." (Compl. ¶ 172.) California law may define harassment as a cause of action, but a "[v]iolation of local law does not necessarily mean that federal rights have been invaded." *Screws v. United States*, 325 U.S. 91, 108 (1945). Under Section 1983, a plaintiff must point to the "specific constitutional guarantee safeguarding the interest he asserts has been invaded." *Paul v. Davis*, 424 U.S. 693, 700 (1976). Plaintiff here fails to do so. Thus, Plaintiff fails to plausibly state a claim.

Accordingly, the Court grants Defendants' Motions to Dismiss with respect to Plaintiff's fifth cause of action.

## III.  MOTION TO AMEND

Plaintiff moves for leave to amend his Complaint to add a First Amendment claim against the City of Carlsbad for the failure to grant his petition to destroy his arrest records. (ECF No. 19.) Defendants did not file opposition briefing.

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 15(a) is very liberal[.]" *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). "This liberality . . . is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). But the court need not grant leave where the amendment: (1) prejudices the opposing party, (2) is sought in bad faith, (3) produces an undue delay in litigation, (4) is futile, or (5) follows other amendments. *See W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991).

Here, the action is still in the pleadings stage and the new claim appears to rely on recent events. Thus, the Court finds it just to allow Plaintiff to amend his Complaint. Plaintiff's Motion for Leave to Amend (ECF No. 19) is **GRANTED**.

## IV.  CONCLUSION

For the reasons stated above, the Court issues the following order:

1) **GRANTS** the Motions to Dismiss (ECF Nos. 13, 14) with prejudice with respect to Plaintiff's first cause of action. This cause of action is time barred and leave to amend would be futile. Therefore, the Court does not afford Plaintiff leave to amend with respect to his first cause of action. *See Albrecht*, 845 F.2d at 195 (holding dismissal without leave to amend proper when amendments would be "futile").

2) **GRANTS** the Motions to Dismiss (ECF Nos. 13, 14) without prejudice with respect to Plaintiff's second, third, fourth, and fifth causes of action. The Court **GRANTS** the Motions with respect to the second cause of action because (1) Plaintiff fails to

allege the timeliness of the claim and (2) the allegations fail to state a claim with respect to procedural due process and no cause of action exists with respect to substantive due process. The Court **GRANTS** the Motions with respect to Plaintiff's third and fourth causes of action because Plaintiff fails to plausibly allege a lack of probable cause. The Court **GRANTS** the Motions with respect to Plaintiff's fifth cause of action because Plaintiff fails to allege the timeliness of the claim and fails to plausibly state the specific constitutional right invaded.

3) The Court also **GRANTS** Plaintiff's Motion for Leave to Amend. (ECF No. 19.) Plaintiff may amend only to include the new cause of action described in his Motion to Amend and to cure the deficiencies identified in his second, third, fourth, and fifth causes of action.

4) If Plaintiff wishes to file an amended complaint, he must do so on or before **June 21, 2023**. The Court reminds Plaintiff to include a redlined version of any amended complaint pursuant to Civil Local Rule 15.1(c).

**IT IS SO ORDERED.**

**DATED: June 5, 2023**

**Hon. Cynthia Bashant**
**United States District Judge**

- 15 -

22cv1329